and we'll turn to the second case on the substantive motions calendar, which is Porter v. Keyser. Mr. Berko? Good afternoon, your honors. My name is Stephen Berko, and I represent Petitioner Melvin Porter on behalf of the Legal Aid Society. With the court's permission, I would also like to reserve one minute of my time for rebuttal. And at the outset, I would like to thank the court for granting oral argument on Petitioner's application. The appellate division here denied Petitioner's claim of ineffective assistance of counsel, ruling that the arguments that counsel failed to make at the suppression hearing cannot be characterized as clear-cut and completely dispositive of the motion. The court thus adopted a result-oriented approach that completely discounted the magnitude of the lawyer's error, because, in its view, the underlying Fourth Amendment claim was not beyond dispute. That standard sets a bar much higher than Kimmelman's requirement that a petitioner in this context need only prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. Strickland defined reasonable probability as a probability sufficient to undermine confidence in the did not require a showing that counsel's deficient conduct more likely than not altered the outcome of the proceeding. Thus, Kimmelman-Strickland is process-oriented and does not require an absolute certainty of success. These two standards cannot be reconciled. And as Judge Jacobs recognized in his dissent from the denial of the petition for an in-bank rehearing in Rosario v. Ercole, where a standard, such as that employed by the appellate division here and endorsed by the district court, allows the gravity of individual errors to be discounted by a broader view of counsel's overall performance, it is contrary to Strickland. I note that Judge Jacobs was joined in his dissent by Judges Pooler, Lynch, and Chinn. Judge Straub also dissented from the underlying ruling. Because Rosario concerns the general New York standard, which turns upon whether a defendant has received meaningful representation, it presents no precedential bar here where a subset of that general standard is at issue. The clear-cut and completely dispositive standard that the appellate division employed here is highly specific. Therefore, it does not merit the latitude that Rosario accorded New York's general meaningful representation standard which Rosario harmonized with Strickland. In short, because Rosario neither considered nor ruled upon the specific standard at issue here, its holding does not control. Turning to the merits, petitioner has established that he was prejudiced by his lawyer's failure to argue that the police lack probable cause to seize the pill bottle. The district court's contrary finding was faulty because probable cause to seize the pill bottle was not litigated at the hearing. The prosecutor did not advance the probable cause theory to seize the and the hearing court never reached the issue. Indeed, the hearing court found that the police conduct was justified by a reasonable suspicion, which is indisputably wrong. Without the pill bottle justifying the police detention of petitioner, the state is left with an unduly protracted detention that had no causal relation to the reason for the stop. In other words, you have one minute left. Thank you. In other words, an investigatory detention, but this too does not pass constitutional scrutiny and counsel's failure to make that argument prejudice petitioner because it resulted in the emission of the contraband weapons into evidence. In conclusion, I submit that petitioner has made a substantial showing of the denial of the constitutional right and that jurists of reason could disagree with the district court's constitutional claims. Therefore, I respectfully request that this court grant petitioner the certificate of appeal ability. Thank you very much, Your Honor. Thanks very much, Mr. Burkow. Ms. Stewart. Thank you, Your Honor. My name is Priscilla Stewart and I represent the respondent in this matter, William Kaiser, on behalf of the New York State Attorney General's Certificate of Appeal Ability because petitioner has not established that reasonable jurists would debate the soundness of the district court's decision and he's not shown that the issues presented here are substantial enough to deserve encouragement to proceed further. As the district court properly found, the argument that petitioner wouldn't advance in this case, that the police did not have probable cause to seize the pill bottle and to detain the car was actually made at length by petitioner's counsel for a word of the co-defendant, which petitioner's counsel expressly adopted. All four of the fifth attorneys in this case coordinated their closing arguments to be presented to the suppression court and they made it clear that attorney Kelton would be making the bulk of the argument. And he began his argument by framing the issue by saying that this case concerns whether probable cause for the stop, whether things have probable cause for the stop and to convince the subsequent surgeon. And he specifically argued that the officer medics observation of the pill bottle in the car did not justify seizing the bottle or ordering the occupants of the car out. And he further argued that the reason that he didn't have probable cause was because the bottle contained no indicia of criminality or contraband because officer medics did not know if the bottle contained aspirin or cholesterol pills. And these are clear references to the Kelton argued that the court would not issue a search warrant for the seizure of the bottle. And of course, these are issues that a search warrant would only issue upon a showing probable cause. So it's very clear that the argument that petitioner wanted made before the court was expressly made at length by attorney Kelton and petitioner's own attorney adopted those and in any event, those arguments were not successful. They were not likely to succeed. The officer medics testified that he saw an unlabeled bottle containing different types of pills and that based on his training and experience, he believed that they contain controlled substances and New York law prohibits the possession of controlled substances outside of the original container and that any such container must be labeled. And this was an unlabeled bottle. Further, medic was not required to be certain of exactly what was inside the bottle. He only needed sufficient facts to provide probable cause to associate the bottle with criminal activity. And here, what he had was enough. And indeed, the appellate division in Cody's case reviewed the suppression court's hearing here, the suppression court's ruling, and it held that medics observed the bottle in plain view and lawfully seized it. It reached the issue on the merits. It did not find the issue to be unpreserved. And there's a good reason to believe that had petitioner actually reached an issue challenging the suppression court's hearing, the court would have reached the exact same decision. And in any event, the police had an independent basis for removing the occupants from the car that had nothing to do with the pill bottle. The police were conducting a traffic stop. They observed a traffic violation and they were conducting a stop. And the Supreme Court has made clear that when the police are to remove all the occupants out of the car and you have one minute. All right. And the reason and given that the police had both the observation of the pill bottle and a separate valid reason for conducting for removing everyone from the car, there was they had every right to conduct the stop the way they did. And therefore, all the consent to search follows from there. It was not the fruit of any unlawful activity. The district court's decision was entirely sound here. And there's no reason that it should go any further. Petitioners claimed that counsels ineffective were failing to make an argument that was actually made. Nothing gives him a reason for any sort of Thank you very much, Mr. Stewart. That complete reserve decision that completes our substantive motions calendar. Your Honor, with the court's permission, I reserve the minute for rebuttal. OK, go ahead, Mr. Berko. Thank you very much, Your Honor. Your Honor, I would like to address several of the points that my adversary made. The way the court can definitively understand that no probable cause argument was made to the hearing court is to look at page 22 of the hearing transcript dated July 29th. There, the prosecutor never utters the words probable cause, nor does he utter the words plain view exception. And in fact, the court on page 32 and rendering its decision used the words reasonable basis. Moreover, the idea that probable cause existed solely related to the pill bottle only came into this case at the level of the habeas petition. In co-defendant Abraham's case, the state argued reasonable basis. Reasonable basis is not a sufficient reason to grab a pill bottle. The plain view exception requires that the contraband nature of the object be immediately apparent. The police officer here testified that he that that is not that doesn't qualify under the plain view exception. Had he testified that the pills had a certain shape, a certain color and a certain marking that he knew to be oxycontin, for instance, that might qualify as a plain view exception. But no such testimony was given in this case. So there there isn't there. The seizure of the bottle doesn't meet the plain view exception. And as to taking the occupants of the car out of the car, the police can do it under the officer safety rule, but they can't keep them there longer than the period of time it would take to issue a ticket for the traffic infractions, which is what happened in this case. And therefore, I submit to the court that on the merits petitioner has shown that he has a valid habeas. The underlying Fourth Amendment issue is valid and his counsel is ineffective for making any argumentation on it. Thank you, Rhonda. Thank you, Mr. Berko. Very much. We'll reserve decision in 21 dash 113 Porter versus Kaiser. And that